OPINION *
FISHER, Circuit Judge.
Acting as Chapter 7 trustee for the bankruptcy estates of Keith Ressler, Karen Ressler, and Kenneth Ressler (collectively the “Resslers”), Christine Shubert appeals the order of the U.S. District Court for the Eastern District of Pennsylvania dismissing her complaint for professional negligence, breach of contract, breach of fiduciary duty, and contribution under the Maryland Securities Act against Jacques H. Geisenberger, Jr., P.C.; attorney Jacques H. Geisenberger, Jr.; Francis C. Musso, CPA, MPA, P.C.; and accountant Francis C. Musso, CPA (collectively “Appellees”). We will affirm.
I.
A.
We write principally for the parties, who are familiar with the factual context and legal history of the case. Therefore, we will set forth only those facts necessary to our analysis.
The Resslers formerly owned and served as directors and officers for Ressler Hardwoods & Flooring, Inc. (“RHF”), a flooring business incorporated in Pennsylvania. To alleviate cash flow problems during a time of financial distress, the Resslers sought to sell a 51% ownership interest in RHF to Maryland investor James Little for $1.2 million.
During negotiations in early 2007, the Resslers failed to provide Little the company’s monthly financial reports and delivered Little a memorandum misrepresenting the extent to which RHF suffered financially. In July 2007, the Resslers requested and Little advanced $400,000 towards toward the purchase of RHF’s shares contingent upon the successful negotiation of several agreements. To consummate the purchase, the Resslers engaged the legal, financial, and accounting services of Appellees — an individual attorney and his law firm (the “Geisenberger Defendants”) and an individual accountant and his accounting firm (the “Musso Defendants”).
Negotiations between the Resslers and Little subsequently broke down, and Little demanded that the Resslers return the $400,000 advance with interest. Instead, in alleged reliance upon the Appellees’ direction, the Resslers issued Little shares in RHF in proportion to the funds advanced. The Resslers allege that Appel-lees did not advise them of their legal or financial obligations to Little with respect to the share issuance.
*120 B.
In January 2008, Little filed suit against the Resslers and RHF in the U.S. District Court for the District of Maryland, alleging securities fraud in violation of the Maryland Securities Act, Md.Code Ann., Corps. & Ass’ns § 11-101 et seq. Several months later, RHF filed for bankruptcy in the U.S. Bankruptcy Court for the Middle District of Pennsylvania (the “MDPA Bankruptcy Court”), where Little’s case was then transferred. On March 19, 2010, the MDPA Bankruptcy Court entered a judgment for $400,000 plus interest against the Resslers and RHF, jointly and severally, for material misrepresentations and intentional omissions in connection with the share issuance. The Resslers did not oppose Little’s motion to deem the judgment non-dischargeable and it was granted by default judgment.
In June 2010, the Resslers individually filed for Chapter 7 bankruptcy in the U.S. Bankruptcy Court for the Eastern District of Pennsylvania (“EDPA Bankruptcy Court”). Shubert initiated an adversary proceeding against the Appéllees in the EDPA Bankruptcy Court by reference from the U.S. District Court for the Eastern District of Pennsylvania, asserting claims of professional negligence, breach of contract, breach of fiduciary duty, and contribution under the Maryland Securities Act. Shubert alleged that the actions and omissions of Appellees caused the Resslers to lose the value of their interest as shareholders and investors in RHF and sustain a $400,000 judgment in bankruptcy, among other damages. In September and October 2011, the Geisenberger and Musso Defendants moved to dismiss. The District Court withdrew the reference consistent with a joint stipulation and the adversary proceeding was transferred to the District Court.
In connection with RHF’s bankruptcy proceeding, RHF’s trustee filed parallel claims against the Appellees. RHF’s trustee and the Appellees ultimately settled their claims, and the MDPA Bankruptcy Court approved the settlement agreements, which contained a mutual release of all claims, in June 2012 and July 2013.
The Geisenberger Defendants thereafter supplemented their pending motion to dismiss with a copy of its approved settlement agreement with RHF’s trustee. The District Court granted the motion, finding that the Resslers’ injuries were derivative of RHF’s injuries and barred by the settlement agreement and release. On March 12, 2014, the District Court denied reconsideration of its order and simultaneously granted the Musso Defendants’ motion to dismiss (as supplemented with its settlement agreement) for the same reasons. This timely appeal followed.
II.
The District Court had jurisdiction under 28 U.S.C. § 157 and 28 U.S.C. § 1334. We exercise jurisdiction over the District Court’s final order under 28 U.S.C. § 1291.
Our review of a District Court’s dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure is plenary.[1] “We must accept all factual allegations in the complaint as true, construe the complaint in the light favorable to the plaintiff, and ultimately determine whether plaintiff may be entitled to relief under any reasonable reading of the complaint.”[2]
III.
The derivative injury rule, relied on by the District Court, is a principle of stand *121 ing that “holds that a shareholder ... may not sue for personal injuries that result directly from injuries to the corporation.”[3] The rule is premised on the separate legal existence of a corporation, in which shareholders shield themselves from the corporation’s liabilities and may not pierce the corporate veil in reverse to recover individually from the corporation’s losses.[4] Accordingly, under established Pennsylvania law,[5] a shareholder can avoid the derivative injury rule “[i]f the injury is one to the plaintiff as a stockholder and to him individually, and not to the corporation....”[6]
Shubert alleges that the Resslers were individually injured in two ways: (A) first, that they were exposed to personal liability in the form of a joint-and-several judgment; and (B) second, that the Appellees breached individual professional, contractual, and fiduciary duties. We discuss each exception to the derivative injury rule in turn and conclude, like the District Court, that an individual injury has not been adequately pled.[7] As such, Shubert’s claims are derivative in nature and cannot be maintained directly.
A.
“To have standing to sue individually, the shareholder must allege a direct, personal injury — that is independent of any injury to the corporation — and the shareholder must be entitled to receive the benefit of any recovery.”[8] Shubert alleges that the $400,000 judgment entered against the Resslers jointly and severally is itself a form of direct injury that they are entitled to assert as shareholders.
Shubert fails to show, however, that the Resslers’ injury is distinct from RHF’s injury or that the Resslers are entitled to recovery on this basis. The $400,000 judgment remedies the harm sustained by Little for RHF’s violations of the Maryland Securities Act in connection with the share issuance; the Resslers were held jointly and severally liable for RHF’s misconduct as corporate officers executing that transaction by function of Maryland law.[9] This fact does not transform RHF’s loss into direct, personal loss sustained by the Res-slers as shareholders. Just as shareholders lack standing for harms that arise out of corporate conduct on the basis of shared liability for corporate loans or tax liens, any such injury would be “dependent upon and derivative to the corporate injury.”[10] Thus, Shubept cannot assert direct claims on this basis.
B.
Some courts also “permit! ] a cause of action in favor of the individual shareholder! ] where the alleged wrong violates *122 a duty owed directly to the shareholder.”[11] This exception to the derivative injury rule covers “dut[ies] owed to the individual independent of the person’s status as a shareholder... ,”[12] Here, Shubert alleges that the Appellees owed the Resslers certain professional, contractual, and fiduciary duties because Appellees had long-standing relationships with the Resslers, represented the Resslers individually in the Little transaction, and acted as agents on behalf of the Resslers personally.
Conclusory assertions of supposed duties, however, will not survive a Rule 12(b)(6) motion.[13] The record makes clear that Appellees’ professional services were retained by the Resslers on behalf of the corporate entity, RHF, in its attempt to issue stock to Little; indeed, the allegations within the complaint arise from the Geisenberger and Musso Defendants’ purported role in that transaction. On the other hand, nowhere does the complaint adequately allege that the Resslers engaged Appellees’ legal, accounting, or financial services for any reason independent of conducting RHF’s business in the Little transaction or the Resslers’ status as shareholders, officers, and directors of RHF. Thus, Shubert does not have standing to sue directly on this basis.
IV.
Because Shubert failed to allege that the Resslers sustained an injury independent of the injury to RHF, we affirm the District Court’s dismissal of the complaint under Rule 12(b)(6).

 This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

. Mayer v. Belichick, 605 F.3d 223, 229 (3d Cir.2010).

. Id.

. In re Kaplan, 143 F.3d 807, 811-12 (3d Cir.1998) (applying Illinois law).

. Mat 812.

. To determine the derivative status of claims, we apply the law of the state of incorporation. See 12B Fletcher Cyclopedia of the Law of Corporations § 5911 (2014).

. Fishkin v. Hi-Acres, Inc., 462 Pa. 309, 341 A.2d 95, 98 n. 4 (1975) (internal quotation marks omitted).

. Because the derivative status of Shubert’s claims decides the issues on appeal, we need not reach Appellees’ alternative grounds that their actions were not the proximate cause of the Resslers' actions giving rise to Little’s lawsuit.

. Hill v. Ofalt, 85 A.3d 540, 548 (Pa.Super.Ct.2014).

. See Md.Code Ann., Corps. & Ass’ns § 11-703(c).

. Ofalt, 85 A.3d at 552.

. Cole v. Ford Motor Co., 566 F.Supp. 558, 569 (W.D.Pa.1983).

. 12B Fletcher Cyclopedia of the Law of Corporations § 5911 (2014); see also Ofalt, 85 A.3d at 549 (reiterating this principle).

. See Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).